**E. J. FIELDS, et al., Plaintiffs,**

v.

**Daryl GATES, et al., Defendants.**

**No.  CV98–1247–R.**

United States District Court,
C.D.  California.

Feb.  10, 1999.

---

Stephen Yagman, Venice, California, for plaintiffs.

Cory M. Brente, Deputy City Attorney, Los Angeles, California, for defendants.

## OPINION

REAL, District Judge.

Defendant CITY OF LOS ANGELES (L.A.) moves in two motions 1. FOR SANCTIONS UNDER RULE 11 AGAINST STEPHEN YAGMAN (YAGMAN) FOR JUDGE SHOPPING AND FILING FALSE DOCUMENTS WITH THE DISTRICT COURT (MOTION I) and 2. FOR TERMINATING SANCTIONS FOR JUDGE SHOPPING (MOTION II).

## MOTION I

1. THE RULE: Federal Rule of Civil Procedure, Rule 11 provides in pertinent part:

Rule 11. Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions

(a) Signature. Every pleading, written motion or other paper shall be signed by at least one attorney of record in the attorney's individual name, . . .

(b) Representations to Court. By presenting to the Court (whether by signing, filing, submitting,) . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, . . .

(2) ***

(3) the allegations and other factual contentions have evidentiary support. . .

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the Court determines that subdivision ( ) has been violated, the Court may . . . impose an appropriate sanction upon the attorneys, law firms or parties that have violated· subdivision (b) or are responsible for the violation.

2. THE FACTS. YAGMAN had filed several cases involving some or all of the defendants when he filed the case of *E.J. Fields v. Daryl Gates, et al.,* CV98–1247–R on February 23, 1998. This is the case that is involved in this motion.

On March 24, 1997, YAGMAN had filed E.J. Fields, a minor, both individually and as successor in interest to E. FIELDS and FIFTY UNKNOWN NAMED PLAINTIFFS all in their individual capacities, and all in their capacities as representatives of the classes described fully herein below; "ALPHA" DOE in his/her capacity as a representative of the class described fully herein below; and "BETA" ROE in his/her capacity as a representative of the class described fully herein below, *Plaintiffs v. Daryl Gates, et al.,* (86 named defendants and 200 unknown named defendants) case No. CV97–1858–TJH. This complaint alleged five separate incidents in different parts of the City of Los Angeles on different dates ranging from 1990 to 1995. The pleading met none of the requirements of either notice pleading in the Federal courts or common law pleading making it a single cause of action. Neither could the pleadings qualify for class action treatment.

This case was originally assigned to Judge Terry Hatter of this court and was inadvertently transferred to the calendar of the Honorable J. Spencer Letts via this Courts Local Rule 4.3 that provides:

4.3.1 Notice—At the time a civil action is filed, . . . the attorney shall file and serve

on all parties who have appeared a Notice of Related Case(s), stating whether any action pending in the Central District and the action being filed appear:

(a) To arise from the same or substantially identical transaction, happenings or events; or

(b) ***

(c) To call for determination of the same or substantially identical questions of law and fact; or .

(d) Likely for other reasons to entail substantial duplication of labor if heard by a different judge.

At the time of filing YAGMAN signed and filed a JS 44 Civil Cover Sheet claiming that CV97–1858–TJH was a low-number pursuant to Local rule 4.3.1 as related to *Cunningham v. Gates,* CV96–2666–JSL. That claim was untrue since Case No. CV96–2666–JSL although some of the defendants in Case No. CV97–1858–TJH were common to both cases the events alleged they did not involve the same plaintiffs nor did it involve the transactions, happenings or events alleged in CV96–2666–JSL. YAGMAN having filed both cases knew that this would involve an improper transfer pursuant to Local Rule 4.3.1. Case No. CV97–1858–TJH was only one of · several cases that YAGMAN succeeded in inadvertent local number rule transfers involving forum shopping to have cases transferred to Judge J. Spencer Letts.

On January 8, 1997, YAGMAN filed the case of *Alfredo Olivas, et al. v. Daryl Gates,* Case No. CV97–126–R. Again he filed a Related case Statement claiming CV97–126–R was related to CV96–2666–JSL. In CV97–126–R YAGMAN'S complaint was entitled ALFREDO OLIVAS, and FIFTY UNKNOWN NAMED PLAINTIFFS, all in their individual capacities, and all in their capacities as representatives of the classes described fully herein below; "ALPHA" DOE, in his/her capacity as a representative of the class described fully herein below; and "BETA" DOE in his/her capacity as a representative of the class described fully herein below; *Plaintiffs v. Daryl Gates, et al.* The "ALPHA" DOE and "BETA" DOE alleged plaintiffs met none of the rules of pleading of either the Federal Rules of Civil Procedure or common law. Neither so call "ALPHA" DOE or "BETA" DOE allegations qualified for class action treatment.

In Case No. CV97–126–R YAGMAN signed and filed a JS 44 Civil Cover Sheet claiming CV97–126–R was a low number to CV96–2666–JSL. This low-number was declined on March 7, 1997 by this Court.

On March 14, 1997 YAGMAN signed and filed a dismissal pursuant to FRCP 41(a)(1). There is no evidence that YAGMAN ever advised plaintiff Alfredo Olivas that he had dismissed his case. Curiously plaintiff Olivas re-appears as a plaintiff in *E.J. Fields v. Gates, et al.,* Case No. CV97–1858–TJH filed March 24, 1997. There is no evidence that YAGMAN ever advised the Clerk or Judge Terry Hatter or Judge J. Spencer Letts that he had dismissed the case of *Olivas v. Gates,* CV97–126–R just 10 days before.[1]

The case (98–1247–R) that caused this motion to be filed was filed February 23, 1998. YAGMAN signed and filed a JS 44 Civil Cover Sheet claiming the case was related to CV97–1858 filed March 24, 1997. Case No. CV97–1858 had not been served on any defendant as of February 23, 1998. In the Related Case Statement signed and filed with the complaint YAGMAN claimed that CV97–1858 was "same case previously filed." This statement was untrue since the plaintiff C. Fields in case CV98–1247 had not been a plaintiff in case CV97–1858. On March 17, 1998, the Senior Judge Harry Hupp returned

---

1. Another less than curious dismissal by YAGMAN of a case before this Court happened in Case No. CV96–8256–R. YAGMAN filed a low number motion for consolidation of ED–97–0048–RT(VAPx) claiming the actions were low number cases. That motion was calendered for March 17, 1997.

YAGMAN then filed a dismissal of CV96–8256–R pending before this Court. That dismissal was filed on March 14, 1997.

The same action was later filed in the Superior Court for the County of San Bernardino bearing Case No. SCV 38786. The San Bernardino action was filed apparently by the firm of Schonbrun & DeSimone practicing out of the same office address as YAGMAN, 723 Ocean Front Walk, Venice, California 90291.

the case for re-assignment and re-assignment had been accomplished to the calendar of this Court. On March 25, 1998, Judge L. Spencer Letts declined the transfer leaving CV98–1247–R on the calendar of this Court. It should be noted here that no summons was presented to the Clerk for issuance. On March 27, 1998, this Court sent to YAGMAN its Notice to Counsel and YAGMAN three days later on April 1, 1998 executed a Notice of Dismissal By Plaintiff. Simultaneous on April 1, 1998, YAGMAN filed an amended complaint in the unserved Case No. CV97–1858–TJH so that the matter would be before Judge J. Spencer Letts and not this Court in an attempt to disguise 1. the possible running of the statute of limitations against plaintiff C. FIELDS and prevent the matter being processed and determined by this Court. None of these machinations of YAGMAN had been served on defendants. At the time of these events Case No. CV97–1858–TJH was subject to mandatory dismissal pursuant to Rule 4(m) Federal Rules of Civil Procedure since these appeared to be no good cause why it was not served on defendants. Since Case No. CV97–1858–TJH was subject to mandatory dismissal the only action that was then viable was CV98–1247–R filed to include all plaintiffs and defendants in CV97–1858–TJH but adding C FIELD as a new plaintiff not previously filed. This was done while CV97–1858–TJH was also nominally pending and Judge Letts had declined the low number that might be applicable to CV98–1247–R. The dismissal signed and filed by YAGMAN on April 3, 1998 in CV98–1247–R was executed to obviate the processing of the case by Judge Real and for YAGMAN to obtain the Hon. J. Spencer Letts as the judge he wanted. These actions were intentional and made in bad faith simply to accomplish the forum shopping machinations of YAGMAN.

### MOTION II

Defendants move for terminating sanctions for judge shopping.

Although it is obvious that YAGMAN has judge shopped in both *E.J. Fields, et al. v. Gates, et al.,* Case No. CV97–1858–TJH and *Alfredo Olivas, et al. v. Daryl Gates, et al.,* Case No. CV97–126–R and the appropriate sanction would be terminating these filings with prejudice they are not on this Court's calendar. Even if it could, this Court does not wish to impose a dismissal of a case now pending before another judge of this Court.

Sanctions in this matter can come from two sources Rule 11 of the Federal Rules of Civil Procedure and the inherent power of the Court expressed in *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Under both YAGMAN is sanctionable for his conduct in filing a false civil cover sheet and a dismissal in CV97–1858–TJH knowing both this Court and Judge Hupp had denied the low number transfer to Judge Letts and dismissing the Olivas CV97–126–R matter and including Olivas as a plaintiff in another case, where the Olivas case was not a low number case before another court. Both actions by YAGMAN were intentional and made in bad faith for the purpose of avoiding disposition of the matter before this Court—it was in fact blatant judge-shopping.

After due consideration of the matter having reviewed the filings of both YAGMAN and the defendants and considered the arguments at the hearing of this matter.

IT IS ORDERED:

1. YAGMAN shall enroll and attend at an accredited law school a full course in ethics and professional responsibility.

2. The course shall be completed before the end of the Winter session commencing in August or September 1999.

3. YAGMAN shall provide a declaration to the Court of the grade received and a representation of full attendance at the course within 30 days of completion of the course.

4. YAGMAN shall pay forthwith to defendants the costs, including a reasonable attorneys fee, for the prosecution of the motion herein.